UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANASTHASIE NGAMOUGOU,

     Plaintiff,

  v.

PIONEER HOME CARE, INC.,

     Defendant.

**ECF Case**

**Case No. 18-CV-3593**

**FLSA COMPLAINT**

   COMES NOW THE PLAINTIFF, Anasthasie Ngamougou, by her attorney, Steven M. Warshawsky, for her Complaint against the defendant, Pioneer Home Care, Inc., and alleging upon personal knowledge and upon information and belief as follows:

**NATURE OF THE CASE**

   1. This is a lawsuit to recover unpaid overtime wages owed to the plaintiff who at all relevant times was employed by the defendant as a licensed practical nurse providing skilled in-home nursing care to the defendant's clients, but who was not paid in accordance with applicable federal and state labor laws.  Specifically, the available payroll records show that for each pay period in which the plaintiff was owed overtime pay, for working more than 40 hours in a workweek, the defendant intentionally manipulated and reduced her applicable hourly rates in order to compute total compensation that was the equivalent of straight time pay with no overtime premium.  This deliberate scheme to avoid paying overtime premiums to the plaintiff violates federal and state labor laws.  The defendant also violated New York Labor Law § 195(3), by not providing the plaintiff with wage statements that accurately reported the correct pay rates.  The plaintiff is entitled to compensatory damages for unpaid overtime premiums, liquidated damages on the unpaid

overtime premiums, statutory damages for the wage statement violations, post-judgment interest, and attorney's fees and costs. The plaintiff demands trial by jury.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

4.      This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5.      Plaintiff **Anasthasie Ngamougou** is an adult citizen of New York and resides in Bronx, New York. Ms. Ngamougou's written consent to be a party plaintiff in this action is attached hereto.

6.      Defendant **Pioneer Home Care, Inc. ("Pioneer")**, is a New York corporation, with its principal place of business located at 801 East 241st Street, Bronx, New York, 10470. According to its website (www.pioneerhomecareinc.com), Pioneer is a family owned and run business. Upon information and belief, Pioneer is owned by Patrick and Patience Emenike. Patience Emenike is the Chief Executive Officer.

**FLSA ALLEGATIONS**

7.     Upon information and belief, at all relevant times, Pioneer was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.     Upon information and belief, at all relevant times, Pioneer was an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

9.     Upon information and belief, at all relevant times, Pioneer employed two or more persons "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

10.     Upon information and belief, at all relevant times, Pioneer had "annual gross volume of sales made or business done[of] not less than $500,000" within the meaning of the FLSA, 29 U.S.C. § 203(s).

11.     At all relevant times, Ms. Ngamougou was an "employee" of Pioneer within the meaning of the FLSA, 29 U.S.C. § 203(e).

12.     At all relevant times, Ms. Ngamougou was a "non-exempt" employee entitled to overtime pay within the meaning of the FLSA, 29 U.S.C. §§ 207, 213.

**NEW YORK STATE LABOR LAW ALLEGATIONS**

13.     At all relevant times, Pioneer was an "employer" within the meaning of the New York State Labor Law and its implementing regulations.

14.     At all relevant times, Ms. Ngamougou was an "employee" of Pioneer within the meaning of the New York State Labor Law and its implementing regulations.

15.     At all relevant times, Ms. Ngamougou was a "non-exempt" employee entitled to overtime pay within the meaning of the New York State Labor Law and its implementing regulations.

## FACTUAL ALLEGATIONS

16.     Ms. Ngamougou is a licensed practical nurse.

17.     Ms. Ngamougou starting working for Pioneer in or about November 2014.

18.     Ms. Ngamougou provides skilled in-home nursing care to Pioneer's clients.

19.     At all relevant times, Pioneer has treated Ms. Ngamougou as an employee, not an independent contractor.

20.     Ms. Ngamougou is compensated for her work on an hourly basis.

21.     Ms. Ngamougou receives a weekly payroll statement that lists her regular and overtime hours worked, the applicable hourly rates, her gross compensation, various federal, state, and city deductions and withholdings, and her net pay.  Her net pay is paid via direct deposit.

22.     The payroll statements accurately report the number of regular and overtime hours worked by Ms. Ngamougou for each pay period.  This is not an "off the clock" or "time shaving" case.

23.     However, the payroll statements do <u>not</u> accurately <u>calculate</u> the amount of overtime compensation that Ms. Ngamougou is owed for pay periods in which she worked more than 40 hours in a workweek.

24.     As detailed below, Ms. Ngamougou's payroll statements show that for each pay period in which she was owed overtime pay, Pioneer <u>intentionally</u> manipulated and reduced the applicable hourly rates – which varied randomly depending on the number of hours involved – in order to compute gross compensation that was the equivalent of straight time pay <u>with</u> <u>no</u> <u>overtime</u> <u>premium</u>.  This lawsuit is to recover these unpaid overtime premiums and associated damages.

-4-

**Regular Rate $20 Per Hour; Overtime Rate $30 Per Hour**

25.      When Ms. Ngamougou started working for Pioneer her regular rate of pay was $20 per hour.  This was the amount she was paid for any workweek in which she worked fewer than 40 hours.  For example, for pay period ending 11/22/14 (pay date 12/8/14), the payroll statement showed 30 hours of regular time at $20.00 per hour, for total gross compensation of $600.

26.      However, for any pay period in which she worked more than 40 hours, and therefore was owed overtime pay of $30 per hour (an overtime premium of $10 per hour), her payroll records were intentionally manipulated, by reducing the applicable hourly rates, so that the gross compensation reported on the payroll statement was the equivalent of straight time pay with no overtime premium.  As follows:

27.      For pay period ending 3/28/15 (pay date 4/13/15), the payroll statement reported 40 hours of regular time at $17.93 per hour [not $20] and 12 hours of overtime at $26.90 per hour [not $30].  The total gross compensation equaled $1040 – which was the same as 52 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $120.

28.      For pay period ending 4/4/15 (pay date 4/20/15), the payroll statement showed 40 hours of regular time at $17.60 per hour [not $20] and 15 hours of overtime at $26.40 per hour [not $30].  The total gross compensation equaled $1100 – which was the same as 55 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

29.      For pay period ending 4/11/15 (pay date 4/27/15), the payroll statement showed 40 hours of regular time at $17.60 per hour [not $20] and 15 hours of overtime at $26.40 per hour [not $30].  The total gross compensation equaled $1100 – which was the

same as 55 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

30.    For pay period ending 4/18/15 (pay date 5/4/15), the payroll statement showed 40 hours of regular time at $17.60 per hour [not $20] and 15 hours of overtime at $26.40 per hour [not $30].  The total gross compensation equaled $1100 – which was the same as 55 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

31.    For pay period ending 4/25/15 (pay date 5/11/15), the payroll statement showed 40 hours of regular time at $16.13 per hour [not $20] and 37 hours of overtime at $24.19 per hour [not $30].  The total gross compensation equaled $1540.23 – which was the same as 77 hours at $20.003 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $370.

32.    For pay period ending 5/2/15 (pay date 5/18/15), the payroll statement showed 40 hours of regular time at $17.60 per hour [not $20] and 15 hours of overtime at $26.40 per hour [not $30].  The total gross compensation equaled $1100 – which was the same as 55 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

33.    For pay period ending 5/9/15 (pay date 5/26/15), the payroll statement showed 40 hours of regular time at $17.60 per hour [not $20] and 15 hours of overtime at $26.40 per hour [not $30].  The total gross compensation equaled $1100 – which was the same as 55 hours at $20 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

34.    For pay period ending 5/16/15 (pay date 6/1/15), the payroll statement showed 40 hours of regular time at $19.13 per hour [not $20] and 4 hours of overtime at $28.70 per

hour [not $30]. The total gross compensation equaled $880 – which was the same as 44 hours at $20 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $40.

35. For pay period ending 5/23/15 (pay date 6/8/15), the payroll statement showed 40 hours of regular time at $19.13 per hour [not $20] and 4 hours of overtime at $28.70 per hour [not $30]. The total gross compensation equaled $880 – which was the same as 44 hours at $20 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $40.

36. For pay period ending 5/30/15 (pay date 6/15/15), the payroll statement showed 40 hours of regular time at $16.70 per hour [not $20] and 26 hours of overtime at $25.08 per hour [not $30]. The total gross compensation equaled $1320.08 – which was the same as 66 hours at $20.001 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $260.

**Regular Rate $23 Per Hour; Overtime Rate $34.50 Per Hour**

37. In or about June 2015, Ms. Ngamougou's regular rate of pay was increased to $23 per hour. This was the amount she was paid for any workweek in which she worked fewer than 40 hours. For example, for pay period ending 11/7/15 (pay date 11/23/15), the payroll statement showed 24 hours of regular time at $23.00 per hour, for total gross compensation of $552.

38. However, for any pay period in which she worked more than 40 hours, and therefore was owed overtime pay of $34.50 per hour (an overtime premium of $11.50 per hour), her payroll records were intentionally manipulated, by reducing the applicable hourly rates, so that the gross compensation reported on the payroll statement was the equivalent of straight time pay with no overtime premium. As follows:

39.     For pay period ending 6/6/15 (pay date 6/22/15), the payroll statement showed 40 hours of regular time at $20.24 per hour [not $23] and 15 hours of overtime at $30.36 per hour [not $34.50].  The total gross compensation equaled $1265 – which was the same as 55 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $172.50.

40.     For pay period ending 6/13/15 (pay date 6/29/15), the payroll statement showed 40 hours of regular time at $19.22 per hour [not $23] and 26 hours of overtime at $28.82 per hour [not $34.50].  The total gross compensation equaled $1518.12 – which was the same as 66 hours at $23.002 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $299.

41.     For pay period ending 6/20/15 (pay date 7/6/15), the payroll statement showed 40 hours of regular time at $20.24 per hour [not $23] and 15 hours of overtime at $30.36 per hour [not $34.50].  The total gross compensation equaled $1265 – which was the same as 55 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $172.50.

42.     For pay period ending 6/27/15 (pay date 7/13/15), the payroll statement showed 40 hours of regular time at $20.24 per hour [not $23] and 15 hours of overtime at $30.36 per hour [not $34.50].  The total gross compensation equaled $1265 – which was the same as 55 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $172.50.

43.     For pay period ending 7/11/15 (pay date 7/27/15), the payroll statement showed 40 hours of regular time at $20.24 per hour [not $23] and 15 hours of overtime at $30.36 per hour [not $34.50].  The total gross compensation equaled $1265 – which was the

same as 55 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $172.50.

44.     For pay period ending 12/5/15 (pay date 12/21/15), the payroll statement showed 40 hours of regular time at $21.23 per hour [not $23] and 8 hours of overtime at $31.85 per hour [not $34.50].  The total gross compensation equaled $1104 – which was the same as 48 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $92.

45.     For pay period ending 1/23/16 (pay date 2/8/16), the payroll statement showed 40 hours of regular time at $18.82 per hour [not $23] and 32 hours of overtime at $28.23 per hour [not $34.50].  The total gross compensation equaled $1656.16 – which was the same as 72 hours at $23.002 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $368.

46.     For pay period ending 2/6/16 (pay date 2/22/16), the payroll statement showed 40 hours of regular time at $21.23 per hour [not $23] and 8 hours of overtime at $31.85 per hour [not $34.50].  The total gross compensation equaled $1104 – which was the same as 48 hours at $23 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $92.

47.     For pay period ending 2/13/16 (pay date 2/29/16), the payroll statement showed 40 hours of regular time at $20.62 per hour [not $23] and 12 hours of overtime at $30.94 per hour [not $34.50].  The total gross compensation equaled $1196.08 – which was the same as 52 hours at $23.001 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $138.

48.     For pay period ending 2/20/16 (pay date 3/7/16), the payroll statement showed 40 hours of regular time at $20.76 per hour [not $23] and 11 hours of overtime at $31.15 per

hour [not $34.50]. The total gross compensation equaled $1173.05 – which was the same as 51 hours at $23.001 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $126.50.

49. For pay period ending 2/27/16 (pay date 3/14/16), the payroll statement showed 40 hours of regular time at $20.76 per hour [not $23] and 11 hours of overtime at $31.15 per hour [not $34.50]. The total gross compensation equaled $1173.05 – which was the same as 51 hours at $23.001 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $126.50.

50. For pay period ending 3/5/16 (pay date 3/21/16), the payroll statement showed 40 hours of regular time at $21.23 per hour [not $23] and 8 hours of overtime at $31.85 per hour [not $34.50]. The total gross compensation equaled $1104 – which was the same as 48 hours at $23 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $92.

51. For pay period ending 3/12/16 (pay date 3/28/16), the payroll statement showed 40 hours of regular time at $21.23 per hour [not $23] and 8 hours of overtime at $31.85 per hour [not $34.50]. The total gross compensation equaled $1104 – which was the same as 48 hours at $23 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $92.

52. For pay period ending 3/19/16 (pay date 4/4/16), the payroll statement showed 40 hours of regular time at $19.29 per hour [not $23] and 25 hours of overtime at $28.94 per hour [not $34.50]. The total gross compensation equaled $1495.10 – which was the same as 65 hours at $23.002 per hour. In other words, Pioneer paid straight time wages, without any overtime premium. The unpaid premium for this pay period was $287.50.

53.     For pay period ending 3/26/16 (pay date 4/11/16), the payroll statement showed 40 hours of regular time at $19.07 per hour [not $23] and 28 hours of overtime at $28.62 per hour [not $34.50].  The total gross compensation equaled $1564.16 – which was the same as 68 hours at $23.002 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $322.

**Regular Rate $25 Per Hour; Overtime Rate $37.50 Per Hour**

54.     In or about April 2016, Ms. Ngamougou's regular rate of pay was increased to $25 per hour.  This was the amount she was paid for any workweek in which she worked fewer than 40 hours.  For example, for pay period ending 10/29/16 (pay date 11/14/16), the payroll statement showed 24 hours of regular time at $25.00 per hour, for total gross compensation of $600; for pay period ending 10/21/17 (pay date 11/6/17), the payroll statement showed 30 hours of regular time at $25.00 per hour, for total gross compensation of $750; for pay period ending 4/7/18 (pay date 4/23/18), the payroll statement showed 32 hours of regular time at $25.00 per hour, for total gross compensation of $800.

55.     However, for any pay period in which she worked more than 40 hours, and therefore was owed overtime pay of $37.50 per hour (an overtime premium of $12.50 per hour), her payroll records were intentionally manipulated, by reducing the applicable hourly rates, so that the gross compensation reported on the payroll statement was the equivalent of straight time pay with no overtime premium.  As follows:

56.     For pay period ending 4/2/16 (pay date 4/18/16), the payroll statement showed 40 hours of regular time at $22.57 per hour [not $25] and 11 hours of overtime at $33.84 per hour [not $37.50].  The total gross compensation equaled $1275.04 – which was the same as 51 hours at $25.0008 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $137.50.

57.     For pay period ending 4/9/16 (pay date 4/25/16), the payroll statement showed 40 hours of regular time at $20.73 per hour [not $25] and 28 hours of overtime at $31.10 per hour [not $37.50].  The total gross compensation equaled $1700 – which was the same as 68 hours at $25 per hour.   In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $350.

58.     For pay period ending 4/16/16 (pay date 5/2/16), the payroll statement showed 40 hours of regular time at $21.14 per hour [not $25] and 23 hours of overtime at $31.72 per hour [not $37.50].  The total gross compensation equaled $1575.16 – which was the same as 63 hours at $25.003 per hour.   In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $287.50.

59.     For pay period ending 4/23/16 (pay date 5/9/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48 hours at $25 per hour.   In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

60.     For pay period ending 4/30/16 (pay date 5/16/16), the payroll statement showed 40 hours of regular time at $21.43 per hour [not $25] and 20 hours of overtime at $32.14 per hour [not $37.50].  The total gross compensation equaled $1500 – which was the same as 60 hours at $25 per hour.   In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $250.

61.     For pay period ending 5/7/16 (pay date 5/23/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48

hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

62.     For pay period ending 5/14/16 (pay date 5/31/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

63.     For pay period ending 6/4/16 (pay date 6/20/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

64.     For pay period ending 6/11/16 (pay date 6/27/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

65.     For pay period ending 6/25/16 (pay date 7/11/16), the payroll statement showed 40 hours of regular time at $23.08 per hour [not $25] and 8 hours of overtime at $34.60 per hour [not $37.50].  The total gross compensation equaled $1200 – which was the same as 48 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $100.

66.     For pay period ending 9/10/16 (pay date 9/26/16), the payroll statement showed 40 hours of regular time at $21.43 per hour [not $25] and 20 hours of overtime at

$32.14 per hour [not $37.50].  The total gross compensation equaled $1500 – which was the same as 60 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $250.

67.    For pay period ending 5/20/17 (pay date 6/5/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

68.    For pay period ending 6/3/17 (pay date 6/19/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

69.    For pay period ending 6/17/17 (pay date 7/3/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

70.    For pay period ending 7/29/17 (pay date 8/14/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

71.     For pay period ending 8/12/17 (pay date 8/28/17), the payroll statement showed 40 hours of regular time at $21.05 per hour [not $25] and 24 hours of overtime at $31.59 per hour [not $37.50].  The total gross compensation equaled $1600.16 – which was the same as 64 hours at $25.003 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $300.

72.     For pay period ending 8/26/17 (pay date 9/11/17), the payroll statement showed 40 hours of regular time at $22.73 per hour [not $25] and 10 hours of overtime at $34.08 per hour [not $37.50].  The total gross compensation equaled $1250 – which was the same as 50 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $125.

73.     For pay period ending 10/7/17 (pay date 10/23/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

74.     For pay period ending 11/4/17 (pay date 11/20/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

75.     For pay period ending 11/25/17 (pay date 12/11/17), the payroll statement showed 40 hours of regular time at $23.91 per hour [not $25] and 4 hours of overtime at $35.90 per hour [not $37.50].  The total gross compensation equaled $1100 – which was the

same as 44 hours at $25 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $50.

76.     For pay period ending 12/16/17 (pay date 1/2/18), the payroll statement showed 40 hours of regular time at $22.41 per hour [not $25] and 12 hours of overtime at $33.64 per hour [not $37.50].  The total gross compensation equaled $1300.08 – which was the same as 52 hours at $25.002 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

77.     For pay period ending 1/13/18 (pay date 1/29/18), the payroll statement showed 40 hours of regular time at $22.41 per hour [not $25] and 12 hours of overtime at $33.64 per hour [not $37.50].  The total gross compensation equaled $1300.08 – which was the same as 52 hours at $25.002 per hour.  In other words, Pioneer paid straight time wages, without any overtime premium.  The unpaid premium for this pay period was $150.

78.     Upon information and belief, based on the available payroll records, Pioneer failed to pay overtime premiums to Ms. Ngamougou in an amount no less than $7255.50.

79.     Pioneer's failure to pay these overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

## FIRST CLAIM:  UNPAID OVERTIME
### (Fair Labor Standards Act)

80.     The plaintiff repeats and re-alleges Paragraphs 1-79 above.

81.     At all relevant times, the defendant was a covered employer within the meaning of the FLSA.

82.     At all relevant times, the plaintiff was a covered employee within the meaning of the FLSA.

83.    The FLSA, 29 U.S.C. § 207(a)(1), guarantees to each covered employee overtime pay "for a workweek longer than forty hours . . . at a rate not less than one and one-half times the regular rate at which he is employed."

84.    As alleged above, the defendant failed to pay the plaintiff the required overtime pay for each hour she worked over 40 in a workweek, specifically, failing to pay the plaintiff the "one-half" premium owed for each hour of overtime work.

85.    The defendant's failure to pay the overtime premiums to the plaintiff was willful and not in good faith.

86.    The applicable limitations period for the plaintiff's FLSA overtime claim is three years.

87.    As a result of the defendant's unlawful conduct, the plaintiff is entitled to recover unpaid overtime pay, liquidated damages, attorney's fees and costs, and all other relief available under the FLSA.

## SECOND CLAIM:  UNPAID OVERTIME
### (New York State Labor Law)

88.    The plaintiff repeats and re-alleges Paragraphs 1-87 above.

89.    At all relevant times, defendant Pioneer was a covered employer within the meaning of the New York State Labor Law and its implementing regulations.

90.    At all relevant times, the plaintiff was a covered employee within the meaning of the New York State Labor Law and its implementing regulations.

91.    The New York State Labor Law, Minimum Wage Notice for Miscellaneous Industries and Occupations, requires employers, in relevant part, to pay employees overtime "at a wage rate of one and one-half times the employee's regular rate" in the same manner and methods as under the FLSA.

92.    As alleged above, the defendant failed to pay the plaintiff the required overtime pay for each hour she worked over 40 in a workweek, specifically, failing to pay the plaintiff the "one-half" premium owed for each hour of overtime work.

93.    The defendant's failure to pay the overtime premiums to the plaintiff was willful and not in good faith.

94.    The applicable limitations period for the plaintiff's state overtime claim is six years.

95.    As a result of the defendant's unlawful conduct, the plaintiff is entitled to recover unpaid overtime pay, liquidated damages, attorney's fees and costs, and all other relief available under the New York State Labor Law and its implementing regulations.

## THIRD CLAIM:  WAGE STATEMENT VIOLATIONS
### (New York State Labor Law)

96.    The plaintiff repeats and re-alleges Paragraphs 1-95 above.

97.    At all relevant times, defendant Pioneer was a covered employer within the meaning of the New York State Labor Law and its implementing regulations.

98.    At all relevant times, the plaintiff was a covered employee within the meaning of the New York State Labor Law and its implementing regulations.

99.    The New York State Labor Law, Article 6 § 195(3), requires employers, in relevant part, to provide a wage statement "with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

100.    As alleged above, the defendant failed to provide the plaintiff, with each paycheck, with the required wage statements that accurately reported the correct regular and overtime pay rates for calculation of the plaintiff's wages.

101.    The defendant's failure to provide the required wage statements to the plaintiff was willful and not in good faith.

102.    Pursuant to New York State Labor Law, Article 6 § 198(1-d), as a result of failing to provide the required wage statements, the defendant is liable to the plaintiff in the amount of "two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars."

103.    As a result of the defendant's unlawful conduct, the plaintiff is entitled to recover statutory damages, attorney's fees and costs, and all other relief available under the New York State Labor Law and its implementing regulations.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays for relief as follows:

A.    A judgment declaring that the defendant violated the FLSA and the New York State Labor Law as alleged herein;

B.    A judgment declaring that the defendant's violations were willful and not in good faith as alleged herein;

C.    A judgment awarding the plaintiff all unpaid overtime wages, liquidated damages, and statutory penalties she is entitled to under federal and state labor laws and regulations;

D.    An order imposing appropriate injunctive remedies on the defendant, including but not limited to an order prohibiting the defendant from continuing to engage in the unlawful conduct alleged herein;

E.    Pre-judgment and post-judgment interest as allowed by law;

F.    Attorney's fees, costs, and disbursements as allowed by law; and

G.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated:     April 23, 2018
           New York, NY

                              Respectfully submitted,

                              *Steven M. Warshawsky*

              By:     _____
                              STEVEN M. WARSHAWSKY (SW 5431)
                              The Warshawsky Law Firm
                              Empire State Building
                              350 Fifth Avenue, 59th Floor
                              New York, NY  10118
                              Tel:  (212) 601-1980
                              Email:  smw@warshawskylawfirm.com

                              *Attorney for Plaintiff*

-20-