UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    ANASTHASIE NGAMOUGOU,

                            Plaintiff,                  18-CV-3593 (JMF)

               -v-                                 ORDER

    PIONEER HOME CARE, INC.,

                            Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/23/2018

JESSE M. FURMAN, United States District Judge:

       By letter dated June 27, 2018, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement and submitted the attached Settlement Agreement for the Court's review. By Order entered June 28, 2018, the Court directed the parties to submit letters explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

       The Court, having reviewed the parties' joint letter, dated July 19, 2018, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See id*. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), the settlement involves an almost full recovery for Plaintiff and the release is narrowly tailored to the Plaintiff's wage-and-hour claims, *see Escobar v. Fresno Gourmet Deli Corp.*, No. 16-CV-6816 (PAE), 2016 WL 7048714, at *3 (S.D.N.Y. Dec. 2, 2016) (approving FLSA settlement and

noting that "the [Settlement] Agreement contains a release narrowly tailored to [the Plaintiff's] wage-and-hour claims").  Further, the Court finds that the proposed award of attorney's fees is not unreasonable given counsel's actual work on the case.  *See Wolinsky*, 900 F. Supp. 2d at 336-37.  Accordingly, the Court approves the settlement and dismisses the case with prejudice.

The Clerk of the Court is directed to close this case.  All pending motions are moot.  All conferences are vacated.

SO ORDERED.

Dated: New York, New York
      July 23, 2018

                                    JESSE M. FURMAN
                                  United States District Judge